UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAHER RUSTOM,

                    Plaintiff,        Case No. 1:17-cv-09061

    v.

                                 Judge:

NASER RUSTOM and GALILEE
MEDICAL CENTER, S.C., an Illinois     Magistrate Judge:
Corporation,

                    Defendants.

**VERIFIED COMPLAINT**

       The Plaintiff, Dr. Maher Rustom, by and through his attorney M. James Salem of the Salem Law Office, seek to quiet title to a commercial real property on the basis that the ownership was fraudulently transferred, and an accounting of the property's income and expense, as well as an accounting of the company Galilee Medical Center, S.C., and states the following:

**NATURE OF THE ACTION**

       1.     This is a quiet title, an accounting and a fraudulent transfer action. The Plaintiff, Dr. Maher Rustom, ("Maher") is and has always been a subject (or citizen) of the country Saudi Arabia. Maher is a doctor who is currently practicing medicine in Saudi Arabia. He has a permanent United States resident visa (or a Green Card), which he uses to travel to this country, where his mother and his brother, Defendant Naser Rustom ("Naser") reside. On September 26, 1995, Maher purchased a commercial building that produces income from ten (10) tenants. See **Exhibit A**. After Maher purchased the building he entered into an agreement with his brother, Defendant Naser Rustom

1

("Naser"), to manage the building and use the rent to pay the mortgage and other expenses. Also, in 1995, Maher and Naser created the company Galilee Medical Center, S.C. ("the Medical Center"), where Maher has one-third ownership interest and where it will be a tenant in Maher's building.

2. Maher traveled back-and-forth from Saudi Arabia to the U.S. and on one trip, in 1999, he signed a one paged document that he believed would permit Naser to manage the building and act on his behalf as the owner, see the first page of **Exhibit B**. The notarized signature on the third page of **Exhibit B** is not his; it is a forgery. Maher never intended to transfer to Naser the ownership of the subject property via the Quit Claim Deed, shown hereto as **Exhibit B**.

3. No consideration was transferred, notwithstanding the statement on page one of the Quit Claim Deed that ten dollars was paid, which is a rebuttable presumption. Since 1995 to August 2017, both Maher and Naser public admitted, before family, relatives and friends, that Maher was the owner of the subject building. The current fair market value of the property is $425,000 and it was recently listed for sale for this amount. Maher seeks to quiet title to establish his ownership of the building in his name and void the Quit Claim Deed shown as **Exhibit B**. Maher also seeks an accounting of the subject building's rent income and expenses, as well as an accounting of the Medical Center from Defendant Naser.

**JURISDICTION AND VENUE**

4. Jurisdiction exists in this Court by reason of complete diversity of citizenship, 28 U.S.C. § 1332. Plaintiff is *domiciled* in and is a citizen of the country Saudi Arabia. The Defendant is *domiciled* in Cook County, Illinois. The amount in controversy

exceeds $75,000, exclusive of interests and costs. The amount in controversy is $425,000 in real property value and an additional amount from an accounting. Venue in Illinois is based on where the subject real property is located.

## THE PARTIES

5. Plaintiff, Maher Rustom, is the true owner of the subject real property.

6. Defendant, Naser Rustom, is the current named owner of the subject real property.

7. Defendant, Galilee Medical Center, S.C., is an Illinois corporation where Plaintiff owns one-third (1/3) of the company.

## STATEMENT OF FACTS

8. The Plaintiff, Maher Rustom, ("Maher") is and has always been a subject (or citizen) of the country Saudi Arabia. Maher is a doctor who is currently practicing medicine in Saudi Arabia.

9. He has a permanent United States resident visa (or a Green Card), which he uses to travel to this country, where his mother and brother Naser reside.

10. In 1995, Maher purchased a commercial building located at 4941 North Kedzie, Chicago, Illinois, which produces income from ten (10) tenants. **Exhibit A**.

11. After Maher purchased the building he entered into an agreement with his brother, Defendant Naser Rustom ("Naser"), to manage the building and use the rent to pay the mortgage and other expenses.

12. Also, in 1995, Maher and Naser created the company Galilee Medical Center, S.C. ("the Medical Center"), where Maher has one-third (1/3) ownership interest and where it would be a tenant in Maher's building.

13. In 1999, just before going back to Saudi Arabia, Maher signed a one page document that he believed would permit Naser to manage the building and act on his behalf, as the Landlord. This one page is the first page in **Exhibit B**. Maher never signed the third page of that document. The notarized signature on the third page is not Maher's.

14. Maher never had any intentions of transferring to Naser the ownership of the subject property via the Quit Claim Deed, shown hereto as **Exhibit B**, recorded in the Cook County Recorder, on November 12, 1999, as document number 09063207.

15. Maher never signed the third page of the Quit Claim Deed before a notary. Although he signed the first page, he did so believing that it would permit Naser to act on his behalf as landlord to manage the building.

16. However, since 1995 to August 2017, both Maher and Naser acknowledged publicly before family, relatives and friends that Maher was the owner of the subject building.

17. Moreover, no consideration was ever transferred, notwithstanding the statement on page one of the Quit Claim Deed, **Exhibit B**, that ten dollars was paid. This is a rebuttable presumption.

18. In August 2017, Maher went to his attorney, Vivian Khalaf, to check on his property and make sure that the property tax was being paid. Maher still receives the property tax bill in his name, see **Exhibit C**. Maher learned for the first time from Ms. Khalaf that the ownership of the building was transferred to Naser in 1999.

19. The current fair market value of the property is $425,000 and it was recently listed for sale for this amount.

20. Maher seeks to quiet title in his name, to declare the Quit Claim Deed shown as **Exhibit B** as void, and to have an accounting of the income and expenses for the building and the Medical Center from 1999 to present time.

## FIRST CAUSE OF ACTION
## QUIET TITLE CLAIM

21. Plaintiff repeats paragraphs 1 through 20 as stated herein.

22. Defendant knowingly made a false statement to Plaintiff in having him sign the first page of the Quit Claim Deed, **Exhibit B**.

23. Plaintiff relied on Defendant false statement and signed the first page of the Quit Claim Deed, believing that it only gave permission for Naser to manage the building. Maher never intended to transfer ownership to Naser.

24. As a result of Plaintiff's reliance on Defendant's false representation, he lost ownership to the real property shown in **Exhibit A**.

25. **WHEREFORE,** Plaintiff prays for the following relief:

a) an order quieting title in Plaintiff's name and a judgment declaring the Quit Claim Deed shown as **Exhibit B**, as void;

b) together with such other and further relief this Court deems just and proper.

## SECOND CAUSE OF ACTION
## AN ACCOUNTING

26. Plaintiff repeat paragraphs 1 through 20 as stated herein.

27. Defendant Rustom managed the income and expenses of the subject commercial building, as well as the Medical Center.

28. Given the 1999 false and fraudulent conduct of Defendant Naser, the income and expenses he reported for the building and the medical center are not truthful.

29. Plaintiff seeks an accounting from Naser for all income and expenses for the subject commercial building and for the Medical Center from 1999 to present.

30. **WHEREFORE,** Plaintiff prays for the following relief:

a) an order directing Naser to provide an accounting for the income and expenses for the subject building, shown as **Exhibit A**, as well as the Medical Center;

b) together with such other and further relief this Court deems just and proper.

### THIRD CAUSE OF ACTION
### COMMON LAW FRAUD

31. Plaintiff repeats paragraphs 1 through 20 as stated herein.

32. Defendant knowingly made a false statement to Plaintiff in having him sign the first page of the Quit Claim Deed, **Exhibit B**.

33. Plaintiff relied on Defendant false representation and signed the first page of the Quit Claim Deed, believing that it only gave permission for Naser to manage the building. Maher never intended to transfer ownership to Naser.

34. The third page of the Quit Claim Deed is a false, in that, Plaintiff never signed the notarized signature shown on the third page of **Exhibit B**.

35. Defendant forged Plaintiff's signature on the third page.

36. As a result of Defendant forgery and Plaintiff's reliance on Defendant's false representation, he lost ownership to the real property shown in **Exhibit A**.

37. **WHEREFORE,** Plaintiffs respectfully request the following relief:

a) an order quieting title in Plaintiff's name and voiding the Quit Claim Deed shown as **Exhibit B**;

6

b) punitive damages in the amount that will deter the Defendant and others similarly situated from repeating such conduct;

d) an order granting attorney's fees for Plaintiff;

e) together with such other and further relief this Court deems just and proper.

Dated: December 18, 2017**,**

                                            Respectfully submitted,

                                            /s/M. James Salem,
                                            Salem Law Office
                                            Attorney for Plaintiff
                                            7156 West 127th Street, B-149
                                            Palos Heights, IL. 60463
                                            Tel. (708) 277-4775
                                            salemlaw@comcast.net

## Verification

Pursuant to 28 U.S.C. § 1746, I Dr. Maher Rustom, declare under the penalty of perjury that the foregoing statements in this Complaint are true and complete.

Executed on this 14th Day of December, 2017,

                                            _____
                                            /s/Dr. Maher Rustom