UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAHER RUSTOM and PREFERRED
OPEN MRI, LTD.,
                                        Plaintiffs,       Case No. 1:17-cv-09061

    v.

                                                          Judge: Marvin E. Aspen

NASER RUSTOM and GALILEE
MEDICAL CENTER, S.C., an Illinois         Magistrate Judge: Jeffrey Cole
Corporation, and the NORTH STAR TRUST
COMPANY, Trust Number 01-3775,
                                        Defendants.

**PLAINTIFF'S MEMORANDUM IN REPLY TO RESPONSE TO
MOTION FOR A TURNOVER ORDER AND AN ORDER OF PROTECTION**

    Now Comes Plaintiffs, Dr. Maher Rustom and Preferred Open MRI Ltd., by and through their counsel, M James Salem, who submits this Memorandum of Law in Reply to Defendants' Response to Motion for a turnover order and an order of protection, dated April 19, 2018, and states the following:

### INTRODUCTION

    On March 19, 2018, Plaintiff Dr. Maher Rustom ("Maher") filed a motion for a turnover order and an order of protection. The turnover order is not to turn over title of ownership of the company, Preferred Open MRI Ltd., because Plaintiff Maher already has ownership title to the company. See **Exhibit D** to the Verified First Amended Complaint, which shows the Articles of Incorporation for Preferred Open MRI Ltd., and it shows that Plaintiff Maher owns all 100% of its shares. The turnover order does not seek to enforce any judgment that this action may obtain, it seeks an order directing Defendant Naser to turn over all company records of assets and liabilities that are in his

1

possession, as well as all company assets in his possession. These records are needed in order to perform an accounting, which is the third cause of action in the Verified First Amended Complaint, to determine how much money Defendant Naser embezzled from Plaintiff Preferred Open MRI Ltd.

On April 19, 2018, Defendant Naser filed a Response asserting that a turnover order is premature. However, he fails to understand that Plaintiff is not seeking a turnover order for possession of the company, Preferred Open MRI Ltd., because he already has legal title of ownership. Plaintiff seeks a turnover of all company assets and liability documentation, as well as all company assets, for the purpose of performing an accounting, which is pleaded in the third cause of action.

The Declaration of Abdelsalam Okasha is not sufficient to prohibit this Court from issuing an order of protection. The totality of circumstances permits this Court to issue an order of protection. In that, Defendant Naser is the person who stands to lose and he wants Plaintiff Maher to withdraw the claims in this action. Moreover, there is no reason for Defendant Naser or his agents to want to be near to, or speak with, Plaintiff. Particularly, when Plaintiff does not want them around.

## **ARGUMENT**

**I.  It is not premature for a turnover order because there is no dispute that Plaintiff is the titled owner of all the company's shares and the turnover order seeks records of company assets and liabilities, as well as all company assets to perform an accounting, which is required for the third cause of action.**

Defendant Naser Rustom's counsel argues that a turnover order is premature because the Federal Rules of Civil Procedure, Rule 64 and 69, requires that Plaintiff first obtain a judgment to enforce. However, the turnover order seeks an order directing

Defendant Naser to turn over all records of all assets and liabilities, as well as all company assets of Plaintiff: Preferred Open MRI Ltd. In this action, Plaintiff is not seeking such a judgment. Defendant's counsel fails to understand that this action is not seeking a judgment to take ownership of Preferred Open MRI Ltd. because Co-Plaintiff Maher is already the legal titled owner of the company. See **Exhibit D** to the Verified First Amended Complaint, which shows the Articles of Incorporation for Preferred Open MRI Ltd., and it shows that Plaintiff Maher Rustom owns all 100% of its shares.

In the third cause of action, Plaintiff is seeking an accounting of the company for the time Defendant Naser Rustom had possession of the company, while employed as President. To conduct an accounting for the time Defendant Naser was in possession of the company, there must be a time when Naser turns over the company's assets and liabilities to Plaintiff. **Exhibit D** shows that Defendant Naser was employed as President of the company and the March 1, 2018, Corporate Resolution, fired him. However, despite written demand that was served on Naser, he refused to turn over possession of the records of all assets and liabilities, as well as the company's assets (see motion for turnover order (Doc. 25 at 2)). There is absolutely no justification for a fired employee to not turnover the company's property to his employer, which is what Naser is currently doing.

By not turning over possession of all records of assets and liabilities, as well as all company assets, it hinders or prevents the adjudication of the third cause of action. In that, there must be a fixed time-period, in which Naser had possession of, and operating, the company and then turned it over to Plaintiff, to be able conduct an accounting. Within such a fixed time-period a forensic accountant will be able to determine how

much money or assets are missing. We can never have such a time-period, during which Naser had possession of the company, until Naser turns over the company's assets and liabilities to Plaintiff. That is why Naser must be order to properly turnover the records of all company assets and liabilities, as well as the assets themselves, to Plaintiff's agents at a date certain.

It is true that only after the entry of a judgment may a Court enter a "turnover order" to require a party to deliver assets in satisfaction of that judgment. However, as the third cause of action shows, should Plaintiff succeed in this action, he will only obtain a money judgment against Naser for all the money he embezzled from Plaintiff Preferred Open MRI Ltd. Thereafter, Plaintiff can rely on *Fed. R. Civ. P.*, Rule 69 to enforce the money judgment against Naser. However, at this point Plaintiff simply wants to account for the money or assets that Defendant Naser embezzled from his company.

Plaintiff Maher is not seeking a judgment to transfer the title of ownership of the company to himself because **Exhibit D** clearly shows that the title of ownership to the company is already in Maher's name – this fact is not in dispute. Plaintiff Maher is the titled owner of all the shares of the company, Preferred Open MRI, Ltd., and can take possession of the company immediately, without a court order, in the same way a person with his name on the deed of real property, or his name on a title of ownership to a vehicle, can take immediate possession of their property, without a court order.

However, in this case if Plaintiff Maher takes over the company, without a court order or the cooperation from Defendant Naser Rustom, then documentation of all assets and liabilities on the date that Plaintiff takes over will not exist. This would certainly hinder the adjudication of the third cause of action, which is an accounting of

the company over the time-period that Naser had possession of it, while employed as President. In other words, without an order from this Court, directing that the documentation of all assets and liabilities be turned over on a date certain, it would be impractical to conduct an accounting for the time-period that Naser had been running the company. Without such a time-period, the exact assets and liabilities, on the date Plaintiff Maher takes over the company, without a court order or Defendant's cooperation in providing company records, will be problematic.

Plaintiff needs this Court to order Defendant Naser to turn over all company records and documentation of all assets and liabilities on a date certain. Otherwise, it will be extremely difficult, if not impossible, to conduct an accounting for a time-period that Naser had been running the company as President. If this Court does grant the turnover order, on a date certain, then Plaintiff's forensic accountant can determine, from all prior income, expenses and taxes, what the assets of the company should be on the date that Naser turned over the company's assets to Plaintiff's agents.

In fact, should this Court *not* grant a turnover order, the Plaintiff has the option to take possession of the company's assets, without Defendant properly turning over all records of company's assets and liabilities. Plaintiff can retain an impartial forensic accountant to observe, first-hand, what assets are seized by Plaintiff's agents and then conduct an accounting. However, this will cause so many more problems in adjudicating the third cause of action that it may be too speculative to determine how much Defendant Naser has embezzled from the company. Moreover, if Plaintiff does seize the company's assets, without a court order or company records, it would needlessly prolong this litigation and needlessly increase its cost. There is no reason for this to occur and there is

every reason for this Court to grant a turnover order because 1) there is no dispute that Plaintiff is the legal titled owner of the company, **Exhibit D**, 2) there is no dispute that Defendant Naser was an employee of Preferred Open MRI Ltd., who was fired, **Exhibit D**, 3) there is no dispute that Defendant Naser is in possession of company's records and assets that belong to Plaintiff, 4) there can be no dispute that Naser must turnover the company records of all assets and liabilities to conduct an accounting, and 5) there is no factual or legal reason for Defendant Naser not to turn over all company records and assets to Plaintiff.

Given that Defendant Naser, was a former employee of the company, Preferred Open MRI Ltd., who was fired from his position as President on March 1, 2018, **Exhibit D**, and who is currently refusing to turnover possession of the company's assets and records (Doc. 25, at 2), there is concern that he may sabotage the company's assets, before turning them over to Plaintiff, without a court order. Defendants' counsel was sent an email warning notice for his client not to damage the company. However, the longer that Defendant Naser remains in possession of the company's assets, the more time he has to embezzle and damage the company before Plaintiff takes possession of all company's assets and records.

**CONCLUSION**

Defendant Naser Rustom was a former employee of the company, Preferred Open MRI Ltd., but he refuses to turn over possession of the company's records of all assets and liabilities, as well as the assets themselves, which is what the turnover order is seeking. Plaintiff needs the company records and assets on a date certain in order to perform an accounting for the time-period that Defendant Naser was in possession of the

company, which is the third cause of action in the Verified First Amended Complaint. Thus, this Court should order Defendant Naser to turn over all records of the company's assets and liabilities, as well as all assets themselves, to Plaintiff's agents on a date certain.

April 20, 2018,

/s/M James Salem,
Attorney for Plaintiffs
Salem Law Office
7156 W. 127th Street, B-149
Palos Heights, IL. 60463
Tel. (708) 277-4775
salemlaw@comcast.net

## **CERTIFICATION OF SERVICE**

I, M James Salem, am the attorney for Plaintiffs and I hereby certify that I served a true copy of the above Reply on all counsels of record by Court's CM/ECF system, on April 20, 2018.

/s/ M James Salem