**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MAHER RUSTOM and PREFERRED** | ) | |
| **OPEN MRI, LTD.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 17 C 9061** |
| | ) | |
| **v.** | ) | **Judge Marvin E. Aspen** |
| | ) | |
| **NACER RUSTOM, et al.,** | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs have filed a "Motion for an Evidentiary Hearing and to Permit Some Discovery" in order to determine the owner of the corporate plaintiff, Preferred Open MRI. This is a fraternal feud over some real estate that, according to the plaintiffs' verified amended complaint, seems to have no place in federal district court. The verified amended complaint – sworn to under the penalty of perjury by individual plaintiff, Maher Rustom [Dkt. # 28, at 12] – alleges that the individual parties are brothers, with the plaintiff Maher Rustom domiciled in Saudi Arabia and the defendant Naser Rustom domiciled in Cook County, Illinois. [Dkt. #28, ¶ 6]. But, the complaint also alleges that *both* the plaintiff Preferred Open MRI and the defendant Galilee Medical Center are Illinois corporations. [Dkt. # 28, ¶ 8, 10]. Indeed, attached to plaintiff's verified complaint are the Illinois corporate report for Preferred Open MRI for 2018, indicating it was incorporated in Illinois in 2002. [Dkt. # 28-4]; *see* 28 USC §1332(c)(1). In order to invoke the court's diversity jurisdiction under 28 USC §1332 as plaintiffs have done here [Dkt. # 28, ¶ 6], there must be complete diversity of citizenship between the parties. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)("Since *Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806), we have read the statutory formulation

'between ... citizens of different States" to require complete diversity between all plaintiffs and all defendants.'"); *Webb v. Fin. Indus. Regulatory Auth., Inc*., No. 17-2526, 2018 WL 2111883, at *1 (7th Cir. May 8, 2018).

The verified complaint fails to allege that there is complete diversity among the parties – one plaintiff and both defendants are alleged to be citizens of Illinois – which would mean that the court has no jurisdiction over this brotherly battle. However, such a judgment is well beyond the scope of my authority as a magistrate judge operating under a referral order. Still, as it appears I have no jurisdiction to act at all, I go no farther at this juncture than to recommend that Judge Aspen deny the plaintiff's motion for a hearing and discovery.

Moreover, the plaintiff's "Motion for an Evidentiary Hearing and to Permit Some Discovery" was prompted by the defendants' motion to dismiss the verified amended complaint. Among the arguments defendant raised to support dismissal, was that plaintiffs could not state a claim for an accounting of Preferred Open MRI because defendant Naser Rustom is the sole owner and plaintiff Maher Rustom has no interest in it. [Dkt. #40, at 12-13]. Plaintiffs argue in their instant motion that Maher Rustom is the owner and have attached documentation they claim proves it. As a motion to dismiss their complaint is pending, the appropriate vehicle for such an argument and to bring such evidence into the record is a response to the motion to dismiss. At that point, Judge Aspen may or may not consider them and may or may not choose to convert the motion to dismiss in to one for summary judgment. *See, generally*, *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). But, as noted, there are jurisdictional fish to fry before any of that can happen.

.

Lastly, the plaintiff asked the court to "permit some discovery," but presumably discovery has been under way all along and has not been stayed, and that would include subpoenas under Fed.R.Civ.P. 45.

Accordingly, the plaintiff's Motion is therefore denied. It is not for me to dismiss the case for want of jurisdiction, assuming that the present analysis of jurisdiction is correct. That is a matter for Judge Aspen.

ENTERED: _____
                     **UNITED STATES MAGISTRATE JUDGE**

**DATE:** 5/9/18

3