IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAHER RUSTOM, and<br>PREFERRED OPEN MRI, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>NASER RUSTOM, GALILEE MEDICAL<br>CENTER, S.C., and NORTH STAR TRUST<br>COMPANY, Trust Number 01-3775,<br><br>Defendants. | Case No. 1:17-cv-09061<br><br>HONORABLE MARVIN E. ASPEN,<br>Judge Presiding<br><br>HONORABLE JEFFREY COLE,<br>Magistrate Judge |

## **DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY**

Defendants, Naser Rustom and Galilee Medical Center, S.C., by and through their attorneys, the Law Office of Russell C. Green and Hughes Socol Piers Resnick & Dym, Ltd., pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, request that the Court enter an order staying discovery in this case pending a ruling on Defendants' Motion to Dismiss Amended Complaint Pursuant to Rules 9(b), 12(b)(6), and 12(d) ("Motion to Dismiss"). [Docs. 39 and 40.] In support of this Motion, Defendants state as follows:

1. On April 23, 2018, Defendants filed a Motion to Dismiss Plaintiff's Verified First Amended Complaint. Plaintiff's response to the Motion to Dismiss is due June 1, 2018.

2. Defendants' Motion to Dismiss raises arguments about the insufficiency of Plaintiff's allegations under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, Defendants also submitted evidentiary material for the Court to consider in ruling on their Motion. However, the Motion primarily raises questions of pure law that should resolve this case.

3. Specifically, Defendants' Motion shows how the allegations in Plaintiff's Verified First Amended Complaint cannot satisfy the legal requirements for any of the causes of action pleaded by Plaintiff, including those for quiet title in Count I, accountings in Counts II and III, and common law fraud in Count IV.

4. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court may issue an order postponing discovery to protect a party from undue burden or expense. Fed. R. Civ. P. 26(c).

5. To avoid unnecessary discovery, additional motion practice, and the heavy expenses of litigation, Defendants seek a protective order that stays discovery in this case pending resolution of their Motion to Dismiss.

6. Staying discovery is particularly appropriate in instances such as this, where a motion to dismiss turns largely on legal, instead of factual questions, and a ruling on the motion will expedite resolution of the case or streamline the claims in the case.

7. Because the issues raised in Plaintiff's Motion to Compel Discovery [Doc. 53] are intertwined with the request sought by Defendants herein, Defendants have filed contemporaneously herewith Defendants' Response to Motion to Compel Discovery and Memorandum in Support of Defendants' Motion for Protective Order to Stay Discovery.

For the reasons set forth herein as well as those more fully set forth in Defendants' Response to Motion to Compel Discovery and Memorandum in Support of Defendants' Motion for Protective Order to Stay Discovery, Defendants request that the Court stay discovery in this matter until a ruling on Defendants' Motion to Dismiss is issued.

Dated: May 14, 2018

Respectfully submitted,

/s/ José J. Behar
One of the Attorneys for Defendants

Matthew J. Piers
José J. Behar
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
70 W. Madison St., Suite 4000
Chicago, IL 60602
312.580.0100
mpiers@hsplegal.com
jbehar@hsplegal.com

Russell C. Green
LAW OFFICE OF RUSSELL C. GREEN
200 S. Michigan Ave., Suite 201
Chicago, IL 60604
312.408.0076
rcglawchicago@gmail.com