IN THE UNITED STATES DISCTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAHER RUSTOM and | ) | |
| PREFERRED OPEN MRI, LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 17 C 9061 |
| | ) | Hon. Marvin E. Aspen |
| NASER RUSTOM, GALILEE MEDICAL | ) | |
| CENTER, S.C., and NORTH STAR | ) | |
| TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently pending before us are Plaintiff Maher Rustom's ("Maher") motion for a turnover order and for an order of protection (Dkt. No. 25), motion for leave to file a verified second amended complaint (Dkt. No. 48), and motion to compel discovery (Dkt. No. 53). Also pending before us are Defendants Naser Rustom ("Naser"), Galilee Medical Center, S.C., and North Star Trust Company's motion to dismiss the amended complaint (Dkt. No. 39) and motion for a protective order and order to stay discovery (Dkt. No. 55). This case principally concerns a dispute between two brothers over the ownership of certain companies and commercial property located in Chicago, though the case has hardly left the ground due to numerous discovery-related disputes and amended pleadings. For the reasons set forth below, we grant Maher's motion for leave to file a second amended complaint (Dkt. No. 48), and we deny each of the remaining motions (Dkt. Nos. 25, 39, 55, 53).

**BACKGROUND**

Maher alleges his brother Naser committed fraud in connection with one property and two Chicago businesses in which Maher claims an ownership stake: (1) commercial real estate

located at 4941 North Kedzie Avenue, Chicago, Illinois ("the property"); (2) Galilee Medical Center, S.C. ("the Medical Center"); and (3) Preferred Open MRI, Ltd. ("Open MRI"). Maher maintains he is the sole owner of the property and Open MRI. Maher alleges he purchased the property on September 26, 1995, and he entered into an agreement with Naser to manage the building. (Am. Compl. (Dkt. No. 28) ¶¶ 2, 13–14.) Maher also alleges that he and Naser, along with a third brother, formed the Medical Center and each took a one-third ownership interest. (*Id.* ¶¶ 2, 15.) As a result of the brothers' arrangement, the Medical Center operated out of the property rent-free. (*Id.*)

In 1999, Maher signed a quit claim deed to the property, conveying his interest in the property to Naser for $10.00. (*Id.* ¶¶ 3, 24.) However, Maher alleges that he never intended to transfer ownership of the property to Naser, instead asserting Naser defrauded him into executing the deed and forged his signature on the Grantor and Grantee Statement attached to the deed. (*Id.* ¶¶ 3, 18–22.) Maher alleges he believed the deed would simply permit Naser to manage the building and act on Maher's behalf as the landlord. (*Id.* ¶ 18.) Maher maintains he is the owner of the property and is entitled to a claim for quiet title in order to remove the cloud on the title created by the quit claim deed. (*Id.* ¶ 32.)

Maher also seeks an accounting from Naser "for all income and expenses for the subject commercial building's rent income" as well as income for the Medical Center from 1999 to present. (*Id.* ¶ 41.) Similarly, Maher contends he is entitled to an accounting from Naser "for all income and expenses" for Open MRI from 2002 to present. (*Id.* ¶ 47.) Maher alleges an accounting is necessary for the property, the Medical Center, and Open MRI because "[g]iven the 1999 false and fraudulent conduct of Defendant Naser, the income and expenses he reported . . . are not truthful." (*Id.* ¶¶ 38, 45.)

Maher filed a verified complaint against Naser and the Medical Center on December 17, 2017, invoking diversity jurisdiction and asserting claims for quiet title, for an accounting of the property and the Medical Center, and for common law fraud. (Dkt. No. 1.) Defendants moved to dismiss the complaint on February 9, 2018 pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(6), and 12(d), arguing there were "no factual or legal bases" for any of the claims in the complaint. (Dkt. No. 16.) In response, Maher sought leave to file an amended complaint, and we granted the motion. (Dkt. No. 27.)

Maher filed a verified first amended complaint on March 22, 2018, adding Open MRI as a plaintiff and North Star Trust Company as a defendant. (Dkt. No. 28.) The first amended complaint asserted the same claims as the original complaint, but added a claim for an accounting of Open MRI's expenses. (*Id.* ¶¶ 43–48.) Defendants filed a motion to dismiss the first amended complaint on April 23, 2018, again arguing that there were no factual or legal bases for any of the claims in the amended complaint because: (1) Maher cannot meet the elements of quiet title under Illinois law; (2) Maher is barred under Illinois law from having an interest in the Medical Center or Open MRI as he is not a physician licensed in Illinois and therefore has no standing to demand an accounting; and (3) Maher has not owned Open MRI since 2005 and therefore has no capacity to name Open MRI as a co-plaintiff, nor is he entitled to an accounting. (Dkt. No. 39.) Maher's response to the motion to dismiss is due June 1, 2018. (Dkt. No. 42.)

Maher also filed a motion for an evidentiary hearing and to permit discovery in order to determine Open MRI's ownership, contending Defendants' motion to dismiss wrongly asserts Maher transferred ownership of Open MRI to Naser and is supported by fraudulent documents. (Dkt. No. 43.) Specifically, Defendants argue Maher has not owned Open MRI since

3

August 23, 2005, when Naser exercised an option to buy all of Open MRI's shares pursuant to an employment agreement Naser and Maher entered into on April 22, 2002. (Mem. in Support of Mot. to Dismiss (Dkt. No. 40) at 12.) We referred Maher's motion to Magistrate Judge Cole. (Dkt. No. 45.) Judge Cole entered an order on May 9, 2018 denying the motion for an evidentiary hearing and observing the verified complaint fails to plead that there is complete diversity among the parties, because one plaintiff (Open MRI) and two defendants (Naser and the Medical Center) are alleged to be citizens of Illinois. (Dkt. No. 47 at 1–2.)

The next day, Maher filed a motion for leave to file a verified second amended complaint, attaching the proposed second amended complaint. (Dkt. No. 48.) The proposed second amended complaint includes the same allegations and causes of action as the first amended complaint, but removes Open MRI as a plaintiff and removes the Medical Center as a defendant. (*See* Proposed 2d Am. Compl. (Dkt. No. 48–1).) Maher seeks amend his complaint "for the purpose of accurately representing the assets at issue and to preserve complete diversity jurisdiction." (Mot. to File 2d Am. Compl. (Dkt. No. 48) ¶ 2.) Defendants oppose Maher's motion, arguing the amendments in the proposed second amended complaint are "virtually identical to the two prior complaints," and are futile as they do not "cure any of the legal defects of Plaintiff's purported claims." (Resp. to Mot. to File 2d Am. Compl. (Dkt. No. 51) at 1.) Defendants argue that for the same reasons set forth in their motion to dismiss the original complaint and the first amended complaint, Maher's claims in the proposed second amended complaint are "meritless, have no basis in fact or law, and do not give rise to cognizable causes of action." (*Id.*)

# ANALYSIS

## I. MAHER'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

We first address Maher's motion to file a second amended complaint in an attempt to cure the jurisdictional defects raised by Judge Cole. Defendants urge us to deny Maher's motion, arguing the "amendments in the proposed Second Amended Complaint (virtually identical to the two prior complaints) are futile and do not cure any of the legal defects of Plaintiff's purported claims in this litigation." (Resp. to Mot. to File 2d Am. Compl. at 1.) Defendants contend we should deny Maher's motion and "either dismiss Plaintiff's claims for lack of diversity jurisdiction, as recommended by Judge Cole, or order that the parties proceed, as scheduled, in briefing Defendants' pending Motion to Dismiss." (*Id.* at 5.)

Pursuant to Federal Rule of Civil Procedure 15(a), if a party has already amended its pleading once, it must seek the opposing party's consent, or seek the court's leave. Fed. R. Civ. P. 15(a). Leave to amend a complaint "shall be freely given when justice so requires." *Id*. "The Seventh Circuit has instructed that leave to amend should be granted unless a party has engaged in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" *Villars v. Kubiatowski*, 128 F. Supp. 3d 1039, 1043 (N.D. Ill. 2015) (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)). An amendment is futile when it "merely restates the same facts using different language, or reasserts a claim previously determined." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (quoting *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983)). "Similarly, an amendment may be futile when it fails to state a valid theory of liability, or could not withstand a motion to

dismiss." *Id.* (citations omitted); *see also Villars*, 128 F. Supp. 3d at 1043 ("[I]t is appropriate to deny a motion for leave to amend when an amendment would be futile because it could not withstand a motion to dismiss.").

We acknowledge that Defendants have already filed two motions to dismiss with accompanying memoranda of law in response to virtually identical complaints. However, we cannot simply deny Maher's motion and proceed to rule on Defendants' motion to dismiss because we lack subject matter jurisdiction over the first amended complaint. "Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself." *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("Lawyers have a professional obligation to analyze subject-matter jurisdiction before judges need to question the allegations."). For the reasons Judge Cole explained in his May 9, 2018 Order, the first amended complaint fails to properly invoke federal diversity jurisdiction. (Dkt. No. 47 at 1–2.) "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quoting *Fid. & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983)). Under the first amended complaint, Maher plainly fails to establish complete diversity, as he alleges that both Plaintiff Open MRI and Defendants Naser and the Medical Center are citizens of Illinois. (Dkt. No. 28 ¶¶ 8, 10; *see also* Dkt. No. 28–4.)

Defendants have not argued that Maher's proposed second amended complaint fails to establish diversity jurisdiction, nor have they raised any other objections to Maher's proposed

6

removal of Open MRI[1] and the Medical Center as parties. Regardless of the merits of Defendants' motion to dismiss, we must allow Maher to amend the complaint to cure the jurisdictional defects. If, as Defendants argue, the legal and factual issues raised in the proposed second amended complaint are the same as those asserted in Maher's prior pleadings, Defendants can presumably file a responsive pleading or motion in response to the second amended complaint without expending significant additional resources.

Accordingly, Maher's motion to amend the complaint in an attempt to cure the jurisdictional defects is hereby granted. Maher's proposed second amended complaint may be filed instanter. Defendants' motion to dismiss the first amended complaint is thus moot and is denied without prejudice.

## II. PENDING DISCOVERY MOTIONS

Also pending before us are three discovery motions. Maher filed two discovery motions: (1) a motion for a turnover and order of protection (Dkt. No. 25), and (2) a motion to compel discovery (Dkt. No. 53). In addition, Defendants filed a motion for a protective order and to stay discovery pursuant to Federal Rule of Civil Procedure Rule 26(c). (Dkt. No. 55.)

### A. Maher's Motion for a Turnover and Order of Protection

Maher's motion for a turnover centers on the parties' dispute over Open MRI's ownership. (Turnover and Protection Mot. (Dkt. No. 25) at 1.) Maher contends that although Naser is not the owner of Open MRI, he "refuses to turnover the company" to Maher and has "no factual or legal basis not to turnover the company to the new appointed President, Basil Salem." (*Id.* at 3–4.) Maher seeks an order "directing Defendant Naser Rustom and his agents to properly

---

[1] In fact, as discussed herein, Open MRI's ownership is in dispute, and Defendants have argued that Maher does not have standing to name Open MRI as a plaintiff in any case.

turnover Preferred Open MRI Ltd., to the new assigned President, Basil Salem."[2] (*Id.* at 4.)
Maher also requests an order directing Naser and his agents "not to withdraw any money from any company bank accounts, not to transfer any company asset or property, not to do anything to negatively affect the company and to remain at least 100 feet away from any company's locations." (*Id.* at 4–5.) However, contrary to Maher's urging, Defendants vigorously deny that Maher owns Open MRI, and they correctly observe that "because the ownership of Open MRI is in dispute and has not been proven, let alone adjudicated," the motion for a turnover order is, at a minimum, premature. (Resp. to Turnover and Protection Mot. (Dkt. No. 37) at 3.) Moreover, Maher has not provided any legal authority supporting his motion, and we find no basis on which to grant it at this stage. Accordingly, the motion for a turnover order is denied.

Maher also moves for an "order of protection" directing Naser and his agents "to not communicate with Plaintiff, Maher Rustom, in any way and not to intimidate or threaten Plaintiff in any manner." (Turnover and Protection Mot. at 5.) Maher alleges that on March 14, 2018, Naser's close friend Abdelsalam Okasha threatened Maher with physical harm "if he does not drop his lawsuit." (*Id.* at 3.) In response, Defendants contend an order to protection is not necessary as Maher currently resides out of the country in Saudi Arabia, and there is no legal basis for an order of protection in any event. (Resp. to Turnover and Protection Mot. at 4.) Defendants also attached Okasha's affidavit denying Maher's allegations. (*Id.*) Once again, Maher cites no legal authority in support of his motion, and Defendants have convincingly argued there is no basis for such a motion under Illinois law. (*Id.* at 4–5.)

In Illinois, an order of protection may be entered under the Illinois Domestic Violence Act, 750 ILCS 60/214, where a court finds that a petitioner "has been abused by a family or

---

[2] Maher alleges that he fired Naser as president on March 1, 2018 and named Mr. Salem as Open MRI's new president. (Turnover and Protection Mot., Ex. A (Dkt. No. 25–1) ¶¶ 5–6.)

household member or that petitioner is a high-risk adult who has been abused, neglected, or exploited." 750 ILCS 60–214(a). There is no allegation that Maher was harassed or abused by a family or household member, and Maher has offered no grounds for our jurisdiction to enter an order under the Act. *See* 750 ILCS 60/202(a) (providing an order of protection may be obtained either by filing a petition for an order of protection in an Illinois court or seeking an order of protection in conjunction with another civil proceeding in an Illinois court). Maher's reply brief in support of his motion fails to address the statutory defects of his request, stating in conclusory fashion in the sole paragraph addressing the order of protection that the "totality of the circumstances permits this Court to issue an order of protection." (Dkt. No. 38 at 2.) As Maher has failed to offer any grounds on which we may grant the motion, we also deny his motion seeking an order of protection.

      **B.   Maher's Motion to Compel**

Additionally, in response to Defendants' motion to dismiss the first amended complaint, Maher filed a motion to compel Defendants to answer discovery relating to the ownership of Open MRI. (Mot. to Compel (Dkt. No. 53).) Defendants argue Maher's motion failed to comply with Federal Rules of Civil Procedure 26(d) or 37(a) and does not met the requirements of Local Rule 37.2. (Resp. to Mot. to Compel (Dkt. No. 57) at 2.) Defendants also argue that the information Maher seeks "is irrelevant, because it has nothing to do with any claims or defenses about Open MRI and is disproportionate to the plain claims at issue." (*Id.*)

Maher has failed to meet the requirements in filing a motion to compel discovery. First, Maher has failed to establish that he attempted to confer with opposing counsel in good faith before filing his motion to compel. Rule 37 of the Federal Rules of Civil Procedure requires that a motion to compel "*must* include a certification that the movant has in good faith conferred or

attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1) (emphasis added). Second, Local Rule 37.2 provides that in order to "curtail undue delay and expense in the administration of justice, this court *shall* hereafter refuse to hear any and all motions for discovery and production of documents" unless the motion includes "a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's." N.D. Ill. L.R. 37.2 (emphasis added). As Maher has not provided the statement required by Rule 37(a)(1) or Local Rule 37.2, we therefore deny his motion to compel.

### C. Defendants' Motion for a Protective Order to Stay Discovery

Finally, Defendants have moved pursuant to Federal Rule of Civil Procedure 26(c) for a protective order to stay discovery pending a ruling on their motion to dismiss the first amended complaint. (Mot. To Stay (Dkt. No. 55).) For the reasons stated above, we permitted Maher to file a second amended complaint, denied Defendants' motion to dismiss the first amended complaint, and granted Defendants thirty days to respond to Maher's second amended complaint or file a motion to dismiss. Therefore, although Defendants may choose to move to dismiss the second amended complaint, no motion to dismiss is currently pending.

In general, district courts enjoy extremely broad discretion in controlling discovery. *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013). Under Rule 26(c) and 26(d), a court may limit the scope and sequence of discovery, including staying discovery during the pendency of a motion to dismiss. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005). But while "[l]imitation or postponement of discovery may be appropriate" while a motion to dismiss is pending, the "mere filing of the motion does not automatically stay

discovery[, n]or does it mean that a court will automatically grant a stay pursuant to Rule 26(c) simply because a defendant asks for one." *Id.*

Here, in the interest of moving this case forward, we decline to stay discovery at this stage, particularly where no motion to dismiss is currently pending and where there is no indication that the case is overly complex or that discovery will ultimately be unusually burdensome or costly. *See, e.g.*, *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *2 (N.D. Ill. Nov. 17, 2010) (holding a stay of discovery was not warranted in light of the "general rule that a pending garden-variety motion to dismiss does not warrant a stay of discovery"); *Coss v. Playtex Prod.*, LLC, No. 08 C 50222, 2009 WL 1455358, at *1 (N.D. Ill. May 21, 2009) (observing a stay of discovery may be appropriate in particularly complex cases where discovery is likely to be especially burdensome or costly). The parties are warned, however, that they must comply with all of the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court, including Rule 26(b)(1)'s requirement that the discovery sought must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Failure to do so may result in appropriate sanctions. Accordingly, Defendants' motion to stay discovery is denied, without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff Maher Rustom's motion for leave to file a verified second amended complaint is granted. (Dkt. No. 48.) Maher's motion for a turnover order and for an order of protection (Dkt. No. 25) and motion to compel discovery (Dkt. No. 53) are both denied. We also deny Defendants' motion to dismiss the first amended complaint (Dkt. No. 39)

11

and motion for a protective order and order to stay discovery (Dkt. No. 55), without prejudice. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: May 29, 2018
 Chicago, Illinois