# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MAHER RUSTOM, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 9061 |
| | ) | |
| v. | ) | Magistrate Judge Cole |
| | ) | |
| NASER RUSTOM and the NORTH STAR | ) | |
| TRUST COMPANY, Trust Number 01-3775, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff has filed a motion to compel the production of documents he has requested by email or subpoena. It's the third try for the plaintiff. The first was on May 7, 2018. [Dkt. #43]. That motion was denied because the Complaint, as pled, clearly demonstrated that the court had no jurisdiction over this case. [Dkt. ## 46, 47]. The plaintiff was given leave to amend his Complaint to establish federal jurisdiction. However, when plaintiff filed the motion again [Dkt. #53], it was clear that plaintiff had failed to comply with Fed.R.Civ.P. 37(a)(1) and Local Rule 37.2, and the motion was denied. [Dkt. #60, at 9].

The third time isn't always a charm. *South Dakota v. Wayfair, Inc.*, _S.Ct._, 2018 WL 3058015 (2018)(Roberts, C.J., dissenting); *United States v. Soto-Soto*, 855 F.3d 445 (1st Cir. 2017). In his current motion, the plaintiff criticizes the previous denial based on his failure to follow the Rules as a "false argument" because a Local Rule 37.2 conference was held on April 30. [Dkt. # 62, at ¶3]. But plaintiff ignores the requirement in both the Local Rule and the Federal Rule that he attach a certification that he conferred in good faith with his opponent. He did not. The court made that crystal clear in its order denying the motion. [Dkt. #60, at 10 ("As Maher has not provided the

statement required by Rule 37(a)(1) or Local Rule 37.2, we therefore deny his motion to compel.")].

Plaintiff has done better this time, claiming to have had a conference with opposing counsel on June 6, 2018. But, he still fails to comply with the Local Rule's requirement that he set forth the time and place of the conference. N.D.Ill. Local Rule 37.2 ("Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein."). That will not be overlooked. *Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 549 (7th Cir. 2017)("District courts have considerable discretion in interpreting and applying their local rules . . . ."). The defendant has detailed the fruitless results of the June 6 meeting. [Dkt. #64-1, ¶¶ 12-17]. But, it's clear from the parties' submissions on this matter that the motion to compel ought to be denied anyway for a number of reasons in addition to the failure to follow the letter of Local Rule 37.2.

As this millennium approaches its third decade, much in life is handled by email, text, or tweet – all of which can have great significance in litigation. *See discussion in BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 2018 WL 1616725, at *10 (N.D. Ill. 2018). Nonetheless, the law in certain areas is sometimes slow and cautious, and it remains a bastion of procedure and protocol. One of these still significant procedures requires that the parties have a discovery conference "as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f). This case is six months old, and the parties have not yet met and set up a discovery plan and this is most certainly contributing to the discovery problems thus far. See, e.g., *Robinson v. Cook Cty. Sheriff's Dep't*, No. 14 C 9064, 2015 WL 2375390, at *4 (N.D. Ill. May 14, 2015)(finding discovery requests "premature, because no Rule 26(f) conference has been held."); *Smith v. Lake Cty.*, No. 2:15-CV-123-WCL-JEM, 2017 WL 632114, at *1 (N.D. Ind. Feb. 13, 2017)(motion to compel discovery inappropriate where

no Rule 26(f) discovery conference had taken place); *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012). It is apparent from the parties' submissions so far that the fault for this lies with the plaintiff. While I do not have the authority pursuant to a limited referral of a specific discovery motion to order the parties to have a Fed.R.Civ.P. 26(f) conference, I have the authority to deny the referred motion to compel given the plaintiff's failure to have participated in the required conference. *See* Fed.R.Civ.P. 26(d)(1)("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . .").[1]

There are also procedures for requesting documents and other discovery from an opponent; *see e.g.,* Fed.R.Civ.P. 33 and 34. Adherence to the Rules is not up to the whim of a party. [*See, e.g.,* Dkt. #62, ¶5]. A discovery request under Fed.R.Civ.P. 34 is the appropriate way to get documents from an opponent, not a subpoena to an opponent's lawyer or informal emails. Accordingly, we join the long list of courts that have disallowed this approach, whether intentional or inadvertent. *See, e.g., Brown v. Rasley*, No. 113CV02084AWIBAMPC, 2017 WL 6451706, at *3 (E.D. Cal. Dec. 18, 2017); *Galiot v. Midwest Tennis Programs, LLC*, No. 17 C 4739, 2017 WL 5585625, at *3 (N.D. Ill. Nov. 20, 2017); *Earthy, LLC v. BB&HC, LLC*, No. 16 CV 4934, 2017 WL 4512761, at *3 (N.D. Ill. Oct. 10, 2017); *Gomez on Behalf of "YHL" v. Normand*, No. CV 16-17046, 2017 WL 2868850, at *2 (E.D. La. July 5, 2017); *Gomez on Behalf of "YHL" v. Normand*, No. CV 16-17046, 2017 WL 2868850, at *2 (E.D. La. July 5, 2017); *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass.

---

[1] Plaintiff claims for the first time in his reply brief that a Rule 26(f) conference took place [Dkt. #67, at 2], but doesn't even indicate when that might have occurred. In any event, that's clearly not the case as no written discovery plan has been filed. Fed.R.Civ.P. 26(f). For future reference, the plaintiff should be aware that in "matters of discretion" – a category encompassing nearly all if not all discovery rulings – a litigant who attempts to deceive the court "cannot expect favorable treatment...." *Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007).

1996); *Emesowum v. Zeldes*, No. SA-15-CV-831-XR, 2016 WL 3579232, at *9 (W.D. Tex. June 27, 2016).

Then there is the document request itself. Ostensibly, this case is about a purported fraud the defendant – plaintiff's brother – committed nearly 20 years ago[2], wresting ownership of Preferred Open MRI from the plaintiff. A request for "[a]ll documents related to" a celebrity chef is not relevant to the issue of whether plaintiff or defendant owns Preferred Open MRI. This sort of unlimited request is contrary to the Supreme Court's caution that the requirement of relevance under Rule 26(b)(1) should be firmly applied, and that "judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando,* 441 U.S. 153 (1979). *See also Oppenheimer Fund, Inc.,* 437 U.S. at 352.[3] A subscription agreement for investment in restaurants has, on its face, nothing to do with whether plaintiff or his brother own an open MRI company.

---

[2] The Illinois statute of limitations for "all civil actions not otherwise provided for," 735 ILCS 5/13–205, including fraud claims, is only five years. *In re Collazo*, 817 F.3d 1047, 1050 (7th Cir. 2016). The statute of limitations applicable to fraud claims begins to run when the claimant discovers or should have discovered that he has been injured by a wrongful act. *Id.*

[3] The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. Parties are entitled to a reasonable opportunity to investigate the facts-and no more.. Failure to exercise appropriate control results in needless and enormous costs to the litigants and to the due administration of justice. Judicious use of the court's case-management authority can help to check overlawyering, and appropriate limits on discovery can effectively channel the efforts of counsel *before* excessive time and resources are expended. *Montanez v. Simon,* 755 F.3d 547, 552 (7th Cir.2014). *Cf. Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); Frank Easterbrook, *Discovery as Abuse,* 69 B.U.L.Rev. 635 (1989). *See also Hickman v. Taylor,* 329 U.S. 495, 507–508 (1947).

Thus, courts frequently restrict discovery based on relevance objections. *See, e.g., Ossola v. American Express Company*, 2015 WL 5158712, at *7-8 (N.D.Ill., 2015); *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.,* 328 F.3d 309, 320 (7th Cir.2003); *Kinkead v. Southwestern Bell Telephone* Co., 49 F.3d 454, 457 (8th Cir.1995); *Diak v. Dwyer, Costello, and Knox, P.C.,* 33 F.3d 809, 813 (7th Cir.1994); *Detweiler Bros., Inc. v. John Graham & Co.,* 412 F.Supp. 416, 422 (E.D.Wash.1976). That is the appropriate course to be followed here.

Not surprisingly, the defendant raised this point in response to the plaintiff's motion. But the plaintiff simply ignored it in his reply brief. [4] Even an appropriately made discovery request has to be relevant, and if it's not apparent that it is or, as here, the opponent shows that it is not, the party making the request has to explain how it is relevant. Plaintiff hasn't even bothered to try. And under our adversary system courts may not act as the lawyer for a party. *Burdett v. Miller,* 957 F.2d 1375, 1380 (7th Cir. 1992). That is an advocate's job, and if a judge is forced to undertake that role, the adversary system is adversely affected. *See Burdett v. Miller,* 957 F.2d 1375, 1380 (7th Cir. 1992); *Alioto v. Town Of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011); *Physicians Healthsource, Inc. v. Allscripts Health Sols., Inc.*, No. 12 C 3233, 2017 WL 3730655, at *1 (N.D. Ill. 2017).

That brings this matter full circle to Local Rule 37.2. Local Rule 37.2 mandates, not discussions, but "good faith" discussions. "Chatting for a bit about a dispute and maintaining an untenable position at worst or a tenuous position at best, is not engaging in a good faith meet and confer." *W. Bend Mut. Ins. Co. v. Zurich Am. Ins. Co.*, No. 17 C 2598, 2018 WL 1736153, at *4 (N.D. Ill. Apr. 11, 2018); *Gunn v. Stevens §. & Training Servs., Inc.*, No. 17 C 6314, 2018 WL 1737518, at *3 (N.D. Ill. Apr. 11, 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp.*, No. 15

---

[4] The plaintiff brings the celebrity chef to this case by way of an email the plaintiff wrote 13 years ago, and supposedly sent to the defendants attorney. But the email is, curiously, from greenruss@hotmail.com and to greeruss@hotmail.com. [Dkt. 62-2, at Page 5 of 5]. Its not clear how the email, seemingly composed by plaintiff, would be sent from greenruss which may not even be the address for defendants counsel to himself. Defendant questioned the suspicious nature of the email in his response to the motion to compel but, again, plaintiff ignored the contention in his reply brief. *Cf. A.B. Leach & Co. v. Peirson*, 275 U.S. 120 (1927)(A man cannot make evidence for himself by writing a letter containing the statements that he wishes to prove. He does not make the letter evidence by sending it to the party against whom he wishes to prove the facts."); *Murata Mfg. Co. v. Bel Fuse, Inc*., 422 F. Supp. 2d 934, 941 (N.D. Ill. 2006)(". . . the notion that one can create evidence through the simple expedient of writing a letter has long been rejected).

CV 11229, 2016 WL 4063168, at *2 (N.D. Ill. July 29, 2016)(requirement to meet and confer "in good faith . . . is not without meaning."). Neither is telling your opponent you have no intention of following proper discovery procedure which is apparently what the plaintiff did here. The Rules applied to everyone.

Accordingly, for the foregoing reasons, the plaintiff's Motion to Compel Production of Documents [Dkt. #62] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 6/25/18