IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAHER RUSTOM, | |
|     Plaintiff, | Case No. 1:17-cv-09061 |
| v. | Judge MARVIN E. ASPEN |
| NASER RUSTOM, and the NORTH STAR TRUST COMPANY, Trust Number 01-3775, | Magistrate Judge JEFFREY COLE |
|     Defendants. | |

## **DEFENDANT'S MOTION TO REASSIGN AS A RELATED CASE**

Defendant Naser Rustom, by and through his attorneys, the Law Office of Russell C. Green and Hughes Socol Piers Resnick & Dym, Ltd., pursuant to Local Rule 40.4 and an order of Judge Norgle, moves to reassign as a related case *Rustom v. Rustom*, 1:18-cv-05278.

## Background

*Case 17-cv-09061* ("2017 Case")

In this case, *Rustom v. Rustom and North Star Trust Company*, No. 17-cv-09061, Plaintiff Maher Rustom, represented by two attorneys, both of whom have been suspended from the practice of law in the Northern District, has repeatedly, and unsuccessfully, attempted to bring baseless fraud claims against his brother, Dr. Naser Rustom. The allegations concern one piece of real property and two businesses: (1) real estate located at 4941 North Kedzie Avenue, Chicago, Illinois (the "real estate"); (2) a medical services corporation called Galilee Medical Center ("Medical Center"); and (3) a medical services corporation called Preferred Open MRI, Ltd. ("Open MRI"). On August 21, 2018, this Court granted a motion to dismiss the Second Amended Complaint. Dkt.

1

92. Plaintiff ignored the Court's rulings and filed a Verified Third Amended Complaint, just as fatally flawed as the prior complaints. Dkt. 93. Defendant's Motion to Dismiss the Third Amended Complaint is fully briefed. *See* Dkts. 100, 104, 106.

The attorney who has primarily represented the Plaintiff in these proceedings, Mr. M. James Salem, was suspended by the Executive Committee, initially through April 29, 2019. Dkt. 130. The Executive Committee subsequently issued a third Rule to Show Cause order, twice refused Mr. Salem's request for re-admission, and extended his suspension for through at least June 11, 2020. Dkts. 130, 131, 133, 134.

On June 15, 2019, a second attorney, Felipe Gomez, filed an appearance for Plaintiff. Dkt. 135. On June 18, 2019, Mr. Felipe too was suspended by the Executive Committee for "four months and until further order of the Court." Dkt. 136. Mr. Gonzalez has withdrawn his appearance. Dkt. 137. Accordingly, this Court has ordered Plaintiff, "by the next status hearing," of July 25, 2019, to "either obtain an attorney of record or the Plaintiff shall personally appear." Dkt. 132.

*Case 18-cv-05278* ("2018 Case")

On August 2, 2018, days after Magistrate Judge Cole denied Plaintiff's motion to compel discovery in the 2017 Case, Maher Rustom filed a second case against Naser Rustom, also based on wholly meritless allegations, this time alleging interference with an attempt to take a deposition in the 2017 Case. The complaint in the "2018 Case," *Rustom v. Rustom*, 18-cv-5278, is replete with baseless allegations that fail to comply with the requirements of Rules 9 and Rule 12(b)(6) of the Federal Rules of Civil Procedure and the pleading requirements of Illinois substantive law.

2

In the 2018 case, Plaintiff, by his now suspended attorneys, alleges—falsely—that Defendant obtained an order of protection from the Circuit Court of DuPage County on March 26, 2018 to prevent Plaintiff from contacting (and thus deposing in the 2017 Case) their mother, Mrs. Nawal Elkhadra. From his initial false premise, Plaintiff and his former counsel attempt to concoct four alleged claims: negligent misrepresentation (Count I), fraud (Count II), intentional infliction of emotional distress ("IIED") (Count III), and defamation (Count IV). Dkt. 1 (Ex. A to this motion). Plaintiff alleges misrepresentation and defamation by Defendant, but does not plead the substance or context of any identifiable or specific statements, let alone plead them with specificity. Nor can any statements allegedly made by Mrs. Elkhadra or her attorney in the DuPage case provide the basis for claims against Defendant. Plaintiff claims emotional distress, but he does not plead any remotely outrageous conduct by anyone. As to harm, Plaintiff alleges that the *order of protection* caused him to suffer a stroke—but he alleges in his verified Complaint that the stroke occurred six days *prior* to the order of protection petition even being filed. The allegations are not merely implausible, but factually impossible. None of the claims are factually or legally sound.

The 2018 Case was assigned to Judge Norgle. After Plaintiff waited more than 3 months to serve Defendant, the parties have fully briefed a motion to dismiss the complaint in the 2018 Case. Dkts. 11-12, 16, 18 (attached as Exs. B-D to this motion).

On July 19, 2019, the Judge Norgle *sua sponte* concluded that "this matter is clearly related to Rustom v. Rustom et al., 17-cv-9061. Per Plaintiff's complaint, the entire nucleus of facts in the present matter arises out of an alleged scheme to hinder a deposition in the other federal court action." Dkt. 28 (Ex. E). The Court ordered

3

"appropriate counsel" to "take the proper action with respect to relatedness under Local Rule 40.4 to refer this matter to the courtroom with the lower-numbered case." *Id.* Pursuant to Judge Norgle's order, Defendant files this motion for reassignment.

## Argument

Local Rule 40.4(a) provides that cases "may be related if one or more of the following conditions are met":

**(1)** the cases involve the same property;

**(2)** the cases involve some of the same issues of fact or law;

**(3)** the cases grow out of the same transaction or occurrence; or

**(4)** in class action suits, one or more of the classes involved in the cases is or are the same.

Under the Local Rule, a motion for reassignment may be presented to the judge in the lower-numbered case to consider reassignment based on the following criteria:

**(1)** both cases are pending in this Court;

**(2)** the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

**(3)** the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

**(4)** the cases are susceptible of disposition in a single proceeding.

Local Rule 40.4(b). The 2017 Case and 2018 Case involve the same parties and closely related allegations of fact. The allegations in the 2018 Case relate in significant part to alleged conduct in the 2017 Case, and thus grows out of the same transactions or occurrences, involving related facts and issues. L.R. 40.4(a).

4

The 2017 and 2018 Cases also satisfy Local Rule 40.4(b). Both cases are pending in the United State District Court for the Northern District of Illinois. L.R. 40.4(b)(1). Given the functional identify of parties and closely related allegations of fact and circumstances, the handling of both cases "by the same judge is likely to result in a substantial saving of judicial time and effort." L.R. 40.4(b)(2). This is particularly true here, as the allegations in the 2018 Case are largely founded on allegations of misconduct in litigating the 2017 Case. Both the 2017 Case and 2018 Case have fully briefed motions to dismiss that can fully and finally resolved both matters; deciding those motions together would not "be likely to delay the proceedings" in either case. L.R. 40.4(b)(3). Finally, with the same parties and overlapping issues, both cases could be adjudicated and disposed of in a single proceeding. L.R. 40.4(b)(4).

## Conclusion

Pursuant to Local Rule 40.4 and the Order of Judge Norgle, for the reasons stated herein, Defendant moves to reassign the 2018 Case to this Court as a related case.

Dated: July 22, 2019  Respectfully submitted,

/s/ *Matthew J. Piers*
One of the Attorneys for Defendants

Matthew J. Piers
Charles D. Wysong
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, IL 60602
312.580.0100
mpiers@hsplegal.com
cwysong@hsplegal.com

Russell C. Green
Law Office of Russell C. Green
200 S. Michigan Ave., Suite 201
Chicago, IL 60604
312.408.0076
rcglawchicago@gmail.com